**Ruth E. Morris, Plaintiff/Appellee,**

v.

**Dennis Williams, Defendant/Appellant.**

**Decided October 5, 1999**

## OPINION

Before YAZZIE, Chief Justice, and AUSTIN, Associate Justice.

Dennis Williams, *Pro se* Appellant, Fort Defiance, Navajo Nation (Arizona); and Ruth E. Morris, *Pro se* Appellee, Fort Defiance, Navajo Nation (Arizona).

Opinion delivered by YAZZIE, Chief Justice.

On September 12, 1997, Court Commissioner William P. Battles made findings of fact and proposed domestic protection orders, endorsed by the Honorable Raymond A. Begaye as the judgment of the family court. The Appellant, Dennis Williams ("Williams"), the defendant in the family court action, appeals. Williams makes three arguments on appeal: 1) The family court's judgment and domestic abuse protection orders are an alteration of a land use right; 2) The Navajo Nation has no authority to change federal grazing permits;[1] and 3) He was not permitted to present evidence of his ownership of certain lands during the domestic abuse petition hearing.

According to the family court's findings of fact, the domestic abuse protection proceeding arose out of an incident which took place on July 21, 1996, at Spring Canyon in Grazing District No. 18-2, where Williams was found in "the agricultural area." When the Appellee, Ruth E. Morris ("Morris"), approached Williams and asked him what he was doing, "he replied in an abusive nature." The family court found that there was a "recorded history of incursions by the respondent [sic] repeatedly occurring since the early 1980s." They included the unauthorized grazing of livestock, removal and destruction of a fence line, disruptive and unruly conduct towards Morris and her family, and a lack of compliance with "multiple" orders of the Window Rock Family Court, the Window Rock District Court, and the Navajo Nation Supreme Court. Commissioner Battles accepted documentation consisting of a grazing permit issued to Morris, a police report dated April 30, 1992 showing the destruction of fencing, an August 2, 1992 police report on damage to fencing, and a May 15, 1993 police report on the

---

1. We will not address this contention in this opinion because it is not properly before this Court.

destruction and removal of one hundred feet of fence line.

Given the findings of fact and the conclusions of law in the judgment dated September 12, 1997, the following are the two sole issues in this appeal: 1) Whether the Window Rock Family Court had jurisdiction over the cause under the Navajo Nation Domestic Abuse Protection Act; and 2) Whether the Window Rock Family Court's judgment is regular on its face.

## I

The Navajo Nation Domestic Abuse Protection Act ("Act"), 9 N.N.C. §§ 1601-1667 (1995), was passed "to protect all persons: men, women, children, elders, disabled persons, and other vulnerable persons, who are within the jurisdiction of the Navajo Nation, from all forms of domestic abuse as defined by this Act and by Navajo Nation law." 9 N.N.C. § 1604(A) (1995). The term "domestic abuse" covers many kinds of misconduct, including harassment and damage to property. 9 N.N.C. § 1605(A) (1) (h) and (f) (1995). While the findings do not identify the statutory basis for the judgment, they show that harassment and property damage are implicated, along with the "other conduct" provision of the Act, which permits a protection order for "any other conduct that constitutes an offense or a tort under the law of the Navajo Nation." 9 N.N.C. § 1605 (A) (1)(j) (1995).

The record indicates that both Williams and Morris are Navajos and that the conduct recited in the findings of fact occurred within the territorial jurisdiction of the Navajo Nation. Accordingly, the family court had jurisdiction under the Act.

## II

The judgment is valid. While it is not clear what kind of "domestic abuse" occurred under 9 N.N.C. § 1605(A)(1) (1995), the factual findings are sufficient to support a judgment under the Act. Williams did not make any assignment of error regarding whether his conduct fell outside the Act.

Williams' only assignments of error are to the effect that the land where the conduct occurred was his land, and that Commissioner Battles erred in not permitting him to assert ownership. This is not a trespass action nor a land dispute action, and the family court did not assign trespass as a ground for the entry of an order. Land ownership has utterly nothing to do with this domestic abuse case.

The Act is designed to protect people from a wide array of violent and abusive conduct, including assault, battery, threatening, coercion, confinement, damage to property, emotional abuse, harassment, sexual abuse, and "other conduct." *Id.* at § 1605(A)(1)(a)-(j). The clear thrust of the Act is to protect people from harm. It is not designed to be used to argue land dispute matters. While disputes over land may trigger conduct arising to the level of domestic abuse, the Navajo

Nation courts are only empowered to deal with the conduct. They cannot decide land titles or boundaries under the Act.

Commissioner Battles ruled correctly when he excluded Williams' offer of evidence of land ownership (most likely as being irrelevant). Morris produced a grazing permit which appeared to be valid, and it was beyond the scope of the hearing to contest the validity of that document.

## III

This appeal lacks merit and could very well be frivolous. While Williams appeared *pro se*, it is obvious that someone with legal skills wrote his appeal briefs. Williams made no argument that there was any error of fact or law in the family court's judgment. Instead, he attempts to turn a domestic abuse case into a land claim, when the very claim he makes here has been the subject of numerous prior claims and cases. A simple reading of the judgment and the Act shows that there are no grounds for an appeal.

Accordingly, the "Domestic Abuse Proection Order" of the Window Rock Family Court dated September 12, 1997 is affirmed.